# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 03/02/2022 04:37 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Lozano,Deputy Clerk

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@ toddflaw.com
abacon@ toddflaw.com
*Attorneys for Plaintiff*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES

| | |
|---|---|
| PERRY BRUNO, individually, and on behalf of other members of the general public similarly situated, | Case No. 22STCV07599 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | (1) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17500 *et seq.*) and |
| BURT'S BEES, INC. | (2) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*) |
| Defendant. | |
| | **Jury Trial Demanded** |

Plaintiff PERRY BRUNO ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## PRELIMINARY STATEMENTS

1.     This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of Unfair Competition Law (Cal. Business & Professions Code §§ 17500 *et seq*., and Unfair Competition Law (Cal. Business & Professions Code  §§ 17200 *et seq.*, resulting from the illegal actions of Defendant, in intentionally labeling its products with false and misleading claims that they are 100% natural, when Defendant's products contain synthetic ingredients. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

2.     This class action is brought pursuant to California Code of Civil Procedure § 382. All causes of action in the instant complaint arise under California statutes.

3.     This court has personal jurisdiction over Defendant, because Defendant does business within the State of California and County of Los Angeles.

4.     Venue is proper in this Court because Defendant does business *inter alia* in the county of Los Angeles and a significant portion of the conduct giving rise to Plaintiff's Claims happened here.

## PARTIES

5.     Plaintiff is an individual and citizen of California, who was at all relevant times residing in Los Angeles, California.

6. Defendant is a Delaware corporation whose principal place of business is located in Durham, North Carolina.

7. At all times relevant hereto, Defendant was engaged in the manufacturing, marketing, and sale of cosmetic products.

## FACTS COMMON TO ALL COUNTS

8. Defendant manufactures, advertises, markets, sells, and distributes cosmetic products throughout California and the United States under brand name Burt's Bees.

9. During the Class Period Defendant sold the following cosmetics (the "Products") labeled as 100% natural but which actually contain the following synthetic ingredients::

  a. Overnight Intensive Lip Treatment: hydrogenated castor oil;

  b. Lip Butter Vanilla and Clove: hydrogenated castor oil;

  c. Lip Butter Lavender and Honey: hydrogenated castor oil;

  d. Lip Butter Rosemary and Lemon: hydrogenated castor oil;

  e. Lip Butter Orange Blossom and Pistachio: hydrogenated castor oil;

  f. Burt's Bees 100% Natural Moisturizing Lip Shine Pucker: Hydrogenated Apricot Kernel Oil;

  g. Burt's Bees 100% Natural Moisturizing Lip Shine Whisper: Hydrogenated Apricot Kernel Oil;

  h. Burt's Bees 100% Natural Moisturizing Lip Shine Spontaneity: Hydrogenated Apricot Kernel Oil;

  i. Burt's Bees 100% Natural Moisturizing Lip Shine Peachy: Hydrogenated Apricot Kernel Oil;

j.  Burt's Bees 100% Natural Moisturizing Lip Shine Blush: Hydrogenated Apricot Kernel Oil;

k.  Burt's Bees 100% Natural Moisturizing Lip Shine Smooch: Hydrogenated Apricot Kernel Oil;

l.  Burt's Bees 100% Natural Moisturizing Liquid Lipstick Tidal Taupe: hydrogenated apricot kernel oil;

m.  Burt's Bees 100% Natural Moisturizing Liquid Lipstick Rushing Rose: hydrogenated apricot kernel oil;

n.  Burt's Bees 100% Natural Moisturizing Liquid Lipstick Drenched Dahila: hydrogenated apricot kernel oil;

o.  Burt's Bees 100% Natural Moisturizing Liquid Lipstick Blush Brook: hydrogenated apricot kernel oil;

p.  Burt's Bees 100% Natural Moisturizing Liquid Lipstick Coral Cove: hydrogenated apricot kernel oil;

q.  Burt's Bees 100% Natural Moisturizing Liquid Lipstick Flushed Petal: hydrogenated apricot kernel oil;

r.  Burt's Bees 100% Natural Moisturizing Liquid Lipstick Garnet Glacier: hydrogenated apricot kernel oil;

s.  Burt's Bees 100% Natural Moisturizing Liquid Lipstick Lavender Lake: hydrogenated apricot kernel oil;

t.  Burt's Bees 100% Natural Moisturizing Liquid Lipstick Mauve Meadow: hydrogenated apricot kernel oil;

u.  Burt's Bees 100% Natural Moisturizing Liquid Lipstick Niagara Nude: hydrogenated apricot kernel oil;

v.  Burt's Bees 100% Natural Moisturizing Liquid Lipstick Sandy Seas: hydrogenated apricot kernel oil;

w.  Burt's Bees 100% Natural Moisturizing Liquid Lipstick Wine Waters: hydrogenated apricot kernel oil;

x.  Burt's Bees Moisturizing lipstick Fuchsia Flood: hydrogenated vegetable oil;

y.  Burt's Bees Moisturizing lipstick Tulip Tide: hydrogenated vegetable oil;

z.  Burt's Bees Moisturizing lipstick iced iris: hydrogenated coco-glycerides;

aa. Burt's Bees Moisturizing lipstick Magenta Rush: hydrogenated vegetable oil;

bb. Burt's Bees Moisturizing lipstick Sunset Cruise: hydrogenated vegetable oil, hydrogenated coco-glycerides;

cc. Burt's Bees Moisturizing lipstick Nile Nude: hydrogenated vegetable oil, hydrogenated coco-glycerides;

dd. Burt's Bees Moisturizing lipstick Blush Basin: hydrogenated vegetable oil, hydrogenated coco-glycerides;

ee. Burt's Bees Moisturizing lipstick Suede Splash: hydrogenated vegetable oil, hydrogenated coco-glycerides;

ff.  Burt's Bees Moisturizing lipstick Scarlet Soaked: hydrogenated vegetable oil, hydrogenated coco-glycerides;

gg. Burt's Bees Moisturizing lipstick Ruby Ripple: hydrogenated vegetable oil, hydrogenated coco-glycerides;

hh. Burt's Bees Moisturizing lipstick Russet River: hydrogenated vegetable oil, hydrogenated coco-glycerides;

ii.  Burt's Bees Moisturizing lipstick Lilly Lake: hydrogenated vegetable oil, hydrogenated coco-glycerides;

jj.  Burt's Bees Moisturizing lipstick Brimming Berry: hydrogenated vegetable oil, hydrogenated coco-glycerides;

kk. Burt's Bees Moisturizing lipstick Juniper Water: hydrogenated vegetable oil, hydrogenated coco-glycerides;

ll.  Burt's Bees Moisturizing lipstick Crimson Coast: hydrogenated vegetable oil, hydrogenated coco-glycerides;

mm.     Burt's Bees Moisturizing lipstick Orchid Ocean: hydrogenated vegetable oil, hydrogenated coco-glycerides;

nn. Burt's Bees Moisturizing lipstick Wine Wave: hydrogenated vegetable oil, hydrogenated coco-glycerides;

oo. Burt's Bees Moisturizing lipstick Doused Rose: hydrogenated vegetable oil, hydrogenated coco-glycerides;

pp. Burt's Bees Lip Crayon Sedona Sands: hydrogenated vegetable oil;

qq. Burt's Bees Lip Crayon Redwood Forest: hydrogenated vegetable oil;

rr.  Burt's Bees Lip Crayon Niagara Overlook: hydrogenated vegetable oil;

ss.  Burt's Bees Lip Crayon Carolina Coast: hydrogenated vegetable oil;

tt.  Burt's Bees Lip Crayon Hawaiian Smolder: hydrogenated vegetable oil;

uu. Burt's Bees Lip Crayon Napa Vineyard: hydrogenated vegetable oil;

10.     All of the Products listed in Paragraph No. 9 above are substantially similar because all of the Products are lip cosmetic products, all of the Products contain hydrogenated oils, all of the Products contain the same 100% natural labeling, all purchasers are damaged in the same way, and all of the Products 100% natural labeling is false for the same reason, namely that the Products contain synthetic ingredients.

11.     During or about November, 2021, Plaintiff purchased an overnight intensive lip treatment product labeled, marketed, and sold as 100% natural, from a CVS pharmacy located at 4744 Lankershim Blvd., North Hollywood, California.

12.     Congress defined the term "synthetic" as "a substances that is formulated or manufactured by a chemical process or by a process that chemically changes a substance extracted from naturally occurring [sources]…" 7 U.S.C. § 6502 (21).

13.     In 2016, the United States Department of Agriculture released a guidance decision tree for classification of materials as synthetic or non-synthetic.

14.     The Decision Tree appears as follows:



15.     Hydrogenation is a process by which unsaturated fatty acids in vegetable oil are converted to saturated fatty acids. [1]

16.     During the hydrogenation process unsaturated double bonds in the fatty acids of vegetable oils react with hydrogen atoms in the presence of a metal catalyst, typically nickel catalysts are used in commercial hydrogenation of edible oils. [2]

17.     The following diagram depicts the hydrogenation process: [3]



18.     As demonstrated in Paragraphs No. 15 through 17 above, natural oil is chemically altered when reacted with a metal catalyst in the presence of hydrogen gas so that it is different than how it naturally occurs. Furthermore, this chemical change results from a non-naturally occurring reaction. As a result, all of the hydrogenated ingredients in the Products are not natural.

---

[1] Monoj K Gupta, Practical Guide To Vegetable Oil Processing,
https://www.sciencedirect.com/book/9781630670504/practical-guide-to-vegetable-oil-processing
[2] Monoj K Gupta, Practical Guide To Vegetable Oil Processing
https://www.sciencedirect.com/book/9781630670504/practical-guide-to-vegetable-oil-processing
[3] Catalytic Hydrogenation of Alkenes,
https://chem.libretexts.org/Bookshelves/Organic_Chemistry/Supplemental_Modules_(Organic_Chemistry)/Alkenes/Reactivity_of_Alkenes/Catalytic_Hydrogenation

19.     Persons, like Plaintiff herein, have an interest in purchasing products that do not contain false and misleading labels with regards to the contents of the Products.

20.     By making false and misleading claims about the Products, Defendant impaired Plaintiff's ability to choose the type and quality of products he chose to buy.

21.     Therefore, Plaintiff has been deprived of his legally-protected interest to obtain true and accurate information about his consumer products as required by law.

22.     As a result of Defendant's fraudulent labeling, Plaintiff has been misled into purchasing products that did not provide them with the benefit of the bargain they paid money for, namely that the Products would be 100% natural.

23.     The following are examples of the Products' fraudulent labeling:

 





















24.     As a result of Defendant's fraudulent labeling, Plaintiff and the Class paid a price premium for a premium 100% natural Product, but instead received a non-premium Product with synthetic ingredients.

25.     Plaintiff and the Class purchased Defendant's Products because Defendant's advertising claimed that the Products were 100% natural.

26.     Due to Defendant's intentional, deceitful practice of falsely labeling the Products as 100% natural when they are not, Plaintiff did not know that the Product was not 100% natural when he purchased it.

27.     Plaintiff was unaware that the Product contained synthetic ingredients when he purchased it.

28.     Plaintiff is interested in purchasing the Products again in the future, and as a result he will be harmed if Defendant is not forced to correct the fraudulent labeling or remove the synthetic ingredients

29.     Worse than the lost money, Plaintiff, the Class, and Sub-Class were deprived of their protected interest to choose the type and quality of products they ingest.

30.     Defendant, and not Plaintiff or the Class or Sub-Class, knew or should have known that labeling, marketing, and selling the Products as 100% natural was false, deceptive, and misleading, and that Plaintiff, the Class, and Sub-Class members would not be able to tell the Products they purchased were not 100% natural unless Defendant expressly told them.

31.     As a result of Defendants' acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

    a.    Lost money;

    b.    Wasting Plaintiff's time; and

    c.    Stress, aggravation, frustration, loss of trust, loss of serenity, and loss of confidence in product packaging.

## CLASS ALLEGATIONS

32.      Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (the "Class"), defined as follows:

> All persons within the United States who purchased the Products within four years prior to the filing of the Complaint through the date of class certification.

33.     Plaintiff also brings this action on behalf of himself and all others similarly situated, as a member of the proposed sub-class (the "Sub-Class"), defined as follows:

> All persons within California who purchased the Products within four years prior to the filing of this Complaint through to the date of class certification.

34.    Defendant, its employees and agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

35.    The Class is so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of their members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class include thousands, if not millions of members. Plaintiff alleges that the class members may be ascertained by the records maintained by Defendant.

36.    This suit is properly maintainable as a class action because the Class and Sub-class are so numerous that joinder of their members is impractical and the disposition of their claims in the Class Action will provide substantial benefits both to the parties and the Court.

37.    There are questions of law and fact common to the Class affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual class members and include, but are not necessarily limited to, the following:

a.    Whether the Defendant intentionally, negligently, or recklessly disseminated false and misleading information by labeling the Products as 100% natural;

b.    Whether the Class members were informed that the Products were not 100% natural;

c.    Whether the Products contain synthetic ingredients;

d.    Whether Defendant's conduct was unfair and deceptive;

e.    Whether there should be a tolling of the statute of limitations; and

f.    Whether the Class is entitled to restitution, actual damages, punitive damages, and attorney fees and costs.

38.    As a resident of the United States and State of California who purchased the Products, Plaintiff is asserting claims that are typical of the Class and Sub-Class.

39.    Plaintiff has no interests adverse or antagonistic to the interests of the other members of the Class or Sub-Class.

40.    Plaintiff will fairly and adequately protect the interests of the members of the Class and Subclass. Plaintiff has retained attorneys experienced in the prosecution of class actions.

41.    A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties, and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each class member. Class treatment will also permit the adjudication of relatively small claims by many class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

42.    The prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive

of the interests of the other class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party class members to protect their interests.

43.     Plaintiff's claims and injuries are identical to the claims and injuries of all class members, because all claims and injuries of all class members are based on the same fraudulent labeling and same legal theory. All allegations arise from the identical, false, and misleading packaging used by Defendants.

44.     Defendants have acted or refused to act in respect generally applicable to the Class thereby making appropriate final and injunctive relief with regard to the members of the Class and Sub-Class as a whole.

45.     The size and definition of the Class and Sub-Class can be identified through records held by retailers carrying and reselling the Products, and by Defendant's own records.

## FIRST CAUSE OF ACTION
### Violation of the California False Advertising Act
### (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

52.     Plaintiff incorporates by reference each allegation set forth above.

53.     Pursuant to California Business and Professions Code section 17500, *et seq*., it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...or...to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

54.     Defendant misled consumers by making misrepresentations about the Class Products, namely, Defendant sold the Products that were fraudulently labeled, and made false representations to Plaintiff and other putative class members in order to solicit these transactions.

55.     Specifically, Defendant sold Products labeled as 100% natural but which actually contain synthetic ingredients.

56.    Defendant knew that their representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other Class Members.

57.    As a direct and proximate result of Defendant's misrepresentations, Plaintiff and the other Class Members have suffered injury in fact and have lost money or property.  Plaintiff reasonably relied upon Defendant's representations regarding the Products, namely that the Products were 100% natural.  In reasonable reliance on Defendant's misrepresentations, Plaintiff and other Class Members purchased the Products.  In turn Plaintiff and other Class Members ended up with products that turned out to actually be different than advertised, and therefore Plaintiff and other Class Members have suffered injury in fact.

58.    Plaintiff alleges that these false and misleading representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

59.    Defendant knew that the Class Products did in fact contain synthetic ingredients.

60.    Thus, Defendant knowingly sold Class Products to Plaintiff and other putative class members that contained false and misleading statements.

61.    The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.  Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained.  Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease their false advertising, as well as disgorgement and restitution to Plaintiff and all Class Members Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

**SECOND CAUSE OF ACTION**
**Violation of Unfair Business Practices Act**
**(Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

62.    Plaintiff incorporates by reference each allegation set forth above.

63.    Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL.  Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices.  A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm.  Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

**UNFAIR**

64.    California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice."  Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.  Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices.  Such conduct is ongoing and continues to this date.

65.    In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

66.    Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class.  Plaintiff and members of the Class have suffered injury

in fact due to Defendant's decision to sell them fraudulently labeled products (Class Products). Thus, Defendant's conduct has caused substantial injury to Plaintiff and the Class.

67.     Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer.  Such deception utilized by Defendant convinced Plaintiff and members of the Class that the Products would be 100% natural, in order to induce them to spend money on said Class Products.  In fact, knowing that Class Products, by their objective terms were not 100% natural, unfairly profited from their sale, in that Defendant knew that the expected benefit that Plaintiff would receive from this feature is nonexistent, when this is typically never the case.  Thus, the injury suffered by Plaintiff and the members of the Class is not outweighed by any countervailing benefits to consumers.

68.     Finally, the injury suffered by Plaintiff and members of the Class are not an injury that these consumers could reasonably have avoided.  After Defendant, falsely represented the qualities of Class Products consumers would receive, the Plaintiff and Class Members suffered injury in fact due to Defendant's sale of Class Products to them.  Defendant failed to take reasonable steps to inform Plaintiff and class members that the Class Products contained synthetic ingredients, including intentionally mislabeling the Products as 100% natural.  As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Class members to purchase products containing fraudulent labels. Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

69.      Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

**FRAUDULENT**

70.     California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice."  In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the

public.

71.    The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived.  Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

72.    Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant.  Such deception is evidenced by the fact that Plaintiff agreed to purchase Class Products under the basic assumption that they were 100% natural. Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

73.    As explained above, Defendant deceived Plaintiff and other Class Members by fraudulently labeling the Class Products.

74.    Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

**UNLAWFUL**

75.    California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

76.    As explained above, Defendant deceived Plaintiff and other Class Members by labeling the Products as "100% Natural", when in fact the Products contain synthetic ingredients.

77.    Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff and Class and Sub-Class Members to purchase the Class Products, in violation of California Business and Professions Code Section 17500, et seq.

78.    Had Defendant not falsely advertised, marketed or misrepresented the Class Products, Plaintiff and Class Members would not have purchased the Class Products. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and

Class Members. These representations by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*

79.   Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief.   Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

### MISCELLANEOUS

80.   Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

### REQUEST FOR JURY TRIAL

81.   Plaintiff requests a trial by jury as to all claims so triable.

### PRAYER FOR RELIEF

82.   Plaintiff, on behalf of himself and the Class, requests the following relief:

(a)   An order certifying the Class and appointing Plaintiff as Representative of the Class;

(a)   An order certifying the undersigned counsel as Class Counsel;

(b)   An order requiring Defendant, at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(c)   An order requiring Defendant to engage in corrective advertising regarding the conduct discussed above;

(d)   Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the sale of misbranded Class Products during the relevant class

period;

(e)     Punitive damages, as allowable, in an amount determined by the Court or jury;

(f)     Any and all statutory enhanced damages;

(g)     All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(h)     Pre- and post-judgment interest; and

(i)     All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

Dated:  March 2, 2022                         Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN , PC

By: _____
                TODD M. FRIEDMAN, ESQ.
                Attorney for Plaintiff

Electronically FILED by Superior Court of California, County of Los Angeles on 03/02/2022 08:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Lozano, Deputy Clerk

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Burt's Bees, Inc.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

PERRY BRUNO, individually, and on behalf of other members of the general public similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse | CASE NUMBER:<br>*(Número del Caso):* |
|---|---|
| 111 N. Hill Street,<br>Los Angeles CA 90012 | 22STCV07599 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Todd M. Friedman, 21031 Ventura Blvd., Suite 340, Woodland Hills, CA 91364, 323-306-4234

| DATE:<br>*(Fecha)* 03/02/2022 | Sherri R. Carter Executive Officer / Clerk of Court<br>Clerk, by _____ R. Lozano _____ , Deputy<br>*(Secretario)* *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)         ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)         ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com